UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Douglas W. Keene,

Case No. 5:10-cv-630

Petitioner,

v.                                    **MEMORANDUM AND ORDER**

Secretary,
Department of Corrections, and
State of Florida, Attorney General

Respondents.

---

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28

U.S.C. § 2254.  For the reasons that follow, the Petition is denied.

**BACKGROUND**

On April 24, 2008, Petitioner was indicted for first degree murder of his ex-wife,

Christina Giacalone.  He executed a waiver of rights and plea agreement on June 5, 2008,

which was filed in the court that same day.  In response to his plea of no contest, the trial

judge sentenced Petitioner to life imprisonment on June 5, 2008.  In July 2008, Petitioner

filed a *pro se* motion to withdraw his plea, which the trial court denied.  Petitioner next

appealed his conviction and sentence to the appellate court, alleging that the trial court erred

in denying his motion to withdraw the plea.  The court affirmed in May 2009 and issued the

mandate in June 2009.

In May 2010, Petitioner filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure and an identical motion in July 2010, raising five grounds alleging ineffective assistance of trial counsel.  The trial court denied the motion and Petitioner's motion for rehearing.  The appellate court affirmed the denial and issued the mandate in November 2010.  Petitioner then filed the instant petition for habeas relief on November 19, 2010.  The State concedes that the Petition is timely.

Petitioner raises five separate claims alleging ineffective assistance of counsel.[1]  First, he claims that he was deprived of his Sixth Amendment right to effective assistance of counsel when his trial attorneys "coerced him into signing a guilty plea agreement."  (Pet. (Docket No. 1) at 8.)  Second, he argues that his trial counsel was ineffective for failing to notify him of the existence of an intoxication defense before he signed the plea agreement.  (Id. at 9.)  Third, he claims that his attorneys were ineffective for failing to advise him of his heat-of-passion defense before he signed the plea agreement.  (Id. at 11.)  Fourth, Petitioner alleges that his attorneys were ineffective for failing to notify him that his statements to police could be suppressed.  (Id. at 13.)  Finally, he claims that his attorneys were ineffective for "fail[ing] to investigate his case and depose witnesses."[2]  (Id. at 15.)

---

[1]The State addresses an additional claim:  That Petitioner's trial counsel was ineffective for failing to have sufficient contact with Petitioner before his change of plea.  (Resp. (Docket No. 6) at 13.) Because Petitioner raises this claim only generally as a part of his five stated claims, (Pet. at 6), the Court will not address it here as a separate claim.

[2]Petitioner raises two additional claims in his Reply.  He claims, first, that his attorneys were ineffective for failing to object to the prosecutor's misconduct during closing arguments, and second, that he was deprived of the right to effective assistance of counsel through the "cumulative effect of counsel's errors."  (Reply (Docket No. 7) at 8.)  Because Petitioner did not raise these grounds in his original habeas Petition, the Court will not address them here.

**DISCUSSION**

**A.     Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).  Under § 2254(d)(2), "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.     Evidentiary Hearing**

Petitioner claims that his plea was involuntary due to counsel's omissions and that he is entitled to an evidentiary hearing "to determine the correctness of the adjudications and to correct facts that remain in dispute." (Pet. at 18-19.)  The Government argues, and this Court agrees, that Petitioner is not entitled to an evidentiary hearing on his federal habeas petition.

In his Response, Petitioner claims that the state courts wrongfully denied him an evidentiary hearing on the ineffective assistance of counsel claims presented in his motion for post-conviction relief.  (Resp. at 12.)  Petitioner relies on state law which entitles him to an evidentiary hearing unless the record "conclusively rebut[s] an otherwise cognizable claim." State v. Leroux, 689 So. 2d 235, 237 (Fla. 1996).

This standard is not binding on the Court's determination of Petitioner's entitlement to an evidentiary hearing. The Court must look instead to the AEDPA, which provides that when an individual challenges a State court proceeding via habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   Where a petitioner "failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim" unless the petitioner shows that:

(A) the claim relies on

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner has not shown by clear and convincing evidence that the state court's denial of his initial habeas petition was based on an incorrect determination of the facts. While he argues that his trial attorneys were ineffective, he has not established that but for their alleged ineffectiveness, no reasonable factfinder would have found him guilty of first degree murder.  Therefore, he is not entitled to an evidentiary hearing.

**C.    Exhaustion**

A person in custody must exhaust his remedies in state court prior to seeking relief in federal court.  28 U.S.C. § 2254(b)(1)(A).  If a petitioner wishes to allege a violation of his federal constitutional rights, he must apprise the state court of his claim.  Duncan v. Henry, 513 U.S. 364, 366 (1995).  This requirement allows the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Id. at 365.  When faced with a "mixed petition" including both exhausted and unexhausted claims, the court must dismiss the habeas petition.  Rose v. Lundy, 455 U.S. 509, 510 (1982).

In order to exhaust state remedies, a properly pled habeas action "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). It is insufficient to make a "general appeal to a constitutional guarantee as broad as due process to present the substance of such a claim to a state court." Id. at 162-63.

**D.      Ineffective Assistance of Counsel**

Petitioner raises five separate claims alleging ineffective assistance of counsel. The State concedes that Petitioner has properly exhausted these claims in state court. However, he is not entitled to habeas relief on these claims.

The Sixth Amendment guarantees Petitioner the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). To demonstrate ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). He must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

During habeas review, the Court considers whether the state court's application of the Strickland standard was unreasonable. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). If fairminded jurists could reasonably conclude that the state court's denial of relief was appropriate, denial of habeas relief is also appropriate. Johnson v. Sec'y, Dep't of Corr., 643 F.3d 907, 932 (11th Cir. 2011).

### 1.   Ground One

Petitioner first argues that his trial attorneys were ineffective because they coerced him into signing a guilty plea agreement. (Pet. at 8.) He claims that his attorneys negotiated the plea agreement on Petitioner's behalf despite his stated wishes to the contrary. (Id.) He alleges that after he and his attorneys argued for a short time about whether he should plead guilty, they yelled at him and told him "to shut his mouth and plead guilty or get the death penalty." (Id.) Petitioner claims that because he possessed only an eighth-grade education, he believed that he was not simply being advised to plead guilty, but that his attorneys were instructing him to do so. (Id.)

This claim is without merit because Petitioner has not established that the state court's resolution of the issue was "objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). In rejecting Petitioner's state habeas petition, the trial court stated that Petitioner's allegations "are conclusively refuted by the record." (Pet. Ex. C, Order on Mot. for Post Conviction Relief (Docket No. 1-1 at 35) at 3.) Specifically, Petitioner stated in his Waiver of Rights and Plea Agreement that he had not been threatened, forced, pressured, or intimidated to make the plea. (Pet. Ex. C (Docket No. 1-1 at 38) at 2.) The trial court also noted that Petitioner stated in his plea colloquy that he wanted the court to accept his plea. (Order on Mot. for Post Conviction Relief at 3.) This is supported by the record. Petitioner answered negatively to the court's question whether anyone had threatened, coerced, or forced him to give up discovery rights. (Pet. Ex. C, Change of Plea and Sentencing Tr. ("Tr.") (Docket 1-1 at 50)

at 10.)  He also stated that he was satisfied with his attorneys' advice and counsel.  (Id. at 28.)

Because Petitioner has not shown that the trial court's factual determination that Petitioner had voluntarily executed the plea agreement was unreasonable, his claim must fail.

### 2.    Ground Two

Petitioner next claims that he was deprived of his right to effective assistance of counsel because his attorneys "failed to notify him of his intoxication defense" before he signed the plea agreement.  (Pet. at 9.)  Petitioner states that he was taking prescription drug Lyrica and "had been drinking heavily prior to the crime charged."  (Id.)  He claims that because his attorneys should have known that intoxication by a prescription drug is a viable defense, their failure to inform him of the availability of the defense constituted ineffective assistance.  (Id. at 10.)

Petitioner's claim fails because he has not shown that the trial court's determination of fact on this issue was objectively unreasonable.  Specifically, the trial court determined that Petitioner established through his Waiver of Rights and Plea Agreement that he had discussed available defenses with his counsel.  (Order on Mot. for Post Conviction Relief at 3.)  Petitioner's counsel Mr. Grant stated during the plea colloquy that counsel had done extensive research on Lyrica and advised Petitioner that other factors including the fact that Petitioner was under the influence of alcohol "mitigated" the possibility of an intoxication defense.  (Tr. at 22-23.)  Furthermore, Petitioner stated that he understood that by entering the plea, he was waiving his right to raise an intoxication defense.  (Id. at 16, 22.)

Petitioner has not established that the trial court's determination that Petitioner's attorneys had advised him of the intoxication defense was unreasonable "in light of the evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340. Therefore, his claim must fail.

### 3.   Ground Three

Third, Petitioner alleges that his trial attorneys were ineffective for failing to notify him of his heat-of-passion defense. (Pet. at 11.) He claims that, upon arriving home and observing another man's van parked in the driveway and the victim's personal undergarments "scattered throughout the house," he "immediately formed the opinion that the victim was having an affair and became instantly enraged." (Id.) Petitioner states that his attorneys should have known that the heat-of-passion defense was applicable to Petitioner and that if he had known of its availability, he would not have pled guilty and would have gone to trial (Id. at 12.)

In denying Petitioner's Motion for Post Conviction Relief, the trial court again pointed to the Waiver of Rights and Plea Agreement, where Petitioner stated that he had discussed available defenses with his counsel. (Order on Mot. for Post Conviction Relief at 3.) The record, however, does not indicate that Petitioner's attorneys specifically discussed the heat-of-passion defense with him. Assuming for Petitioner's benefit that his counsel did in fact fail to discuss the heat-of-passion defense with him, he still must demonstrate that this representation was deficient and that it prejudiced his defense. Strickland, 466 U.S. at 687-88.

9

Petitioner has done neither. He has not established that the heat-of-passion defense would have been applicable to him, and therefore has not demonstrated that his attorneys' performance fell below an objective standard of reasonableness. Id. at 688. Even if Petitioner had succeeded on the first prong, he has not established "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. His claim must therefore fail.

**4.      Ground Four**

Petitioner next claims that he was "deprived of his right to effective assistance of counsel" when his attorneys failed to notify him that his statements to police could be suppressed. (Pet. at 13.) He alleges that the police detective likely read Petitioner his Miranda warnings from the same card that had been found inadequate by a Florida trial court in an earlier case. (Id. at 13-14.) Petitioner claims that he made incriminating statements immediately after the detective read the Miranda warnings and that, "to the best of his knowledge," his trial counsel never considered the sufficiency of the warnings. (Id. at 14-15.)

Petitioner cannot succeed on this claim because he has not established that the trial court's reliance on the record was objectively unreasonable. He agreed in his plea colloquy that by entering the plea he was giving up any challenges regarding post-Miranda inculpatory statements made to police. (Tr. at 16.) He also agreed to give up the right to suppress or challenge any evidence or statements attributable to him. (Id.) While Petitioner claims that his attorneys never investigated the possible suppression of evidence, he specifically gave

up that right by entering his plea.  (Id. at 16-17.)  The trial court's denial of post-conviction relief based on Petitioner's explicit statements was not objectively unreasonable.  His claim must therefore fail.

### 5.      Ground Five

Finally, Petitioner argues that his trial attorneys were ineffective for failing to "investigate his case and depose witnesses."  (Pet. at 15.)  He claims that if his attorneys would have deposed the police officers involved in his case, they may have found instances of improper evidence-gathering, as well as "evidence that Petitioner's confession was obtained in violation of his rights."  (Id. at 16.)  He states that if his attorneys had investigated his case properly, he would not have pled guilty.  (Id. at 17.)

Petitioner's claim fails because he has not demonstrated that the trial court's resolution of this issue was "objectively unreasonable in light of the evidence presented in the state-court proceeding."  Miller-El, 537 U.S. at 340.  The trial court held that Petitioner's allegations were "conclusively refuted by the record."  (Order Denying Mot. for Post Conviction Relief at 3.)  Petitioner agreed in his plea colloquy that by entering the plea agreement he was giving up discovery rights including the right to investigate, challenge witnesses, and file motions to suppress.  (Tr. at 9-10.)  He also stated that no one had threatened, coerced, or forced him to give up his discovery rights (id. at 10.), and he agreed that his case was being handled in an "expeditious manner" at his direction.  (Id. at 15-16.) Because Petitioner has not established that the trial court's reliance on the record in this instance was objectively unreasonable, his claim fails.

11

**CONCLUSION**

Petitioner has failed to establish that he is entitled to habeas relief.  Accordingly, **IT IS HEREBY ORDERED that:**

1.  The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2.  The action is **DISMISSED** with prejudice; and

3.  Petitioner is **DENIED** a Certificate of Appealability.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: <u>December 17, 2013</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge

12